# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

09-28824

| | |
|---|---|
| IN RE: ) | Bankruptcy No. ~~07-04437~~ |
| ) | |
| KEYES, SABRINA, ) | Chapter 7 |
| ) | Hon. John H. Squires |
| Debtor. ) | |
| ) | Date: 9/23/09 at 10:30 a.m. |

## NOTICE OF MOTION

To:   See attached Service List

PLEASE TAKE NOTICE that on the 23rd day of September, 2009, at 10:30 a.m., I shall appear before the Honorable the Honorable John H. Squires in Courtroom No. 680 at the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and shall there and then present **Debtor's Motion for Sanctions against Great American Finance Co. for Violation of Automatic Stay**, a copy of which is attached hereto and hereby served upon you.

                     LAW OFFICE OF PETER L. BERK

                     By: _____/s/ Peter L. Berk_____

Peter L. Berk, Esq.
Law Office of Peter L. Berk
79 West Monroe, Suite 900
Chicago, Illinois 60603
312/759-2838

## PROOF OF SERVICE

I, Peter L. Berk, an attorney, certify that this Notice and the above-described documents were served on all parties listed on the attached service list, by either personal delivery, or ECF electronic notice, as indicated on the list, by 5:00 p.m., on the 18th day of September, 2009.

                     _____/s/ Peter L. Berk_____

## SERVICE LIST

Office of Marilyn O Marshall                *via ECF
Chapter 13 Trustee

Office of the United States Trustee         *via ECF
227 West Monroe
Suite 3360
Chicago, IL 60604

Great American Finance Co.                  * via messenger delivery
Attn: Todd Aaron, Registered Agent
205 West Wacker Drive
Suite 322
Chicago, IL 60606

Great American Finance Co.                  * via messenger delivery
20 North Wacker Drive
Suite 2275
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 09-28824 |
| ) | |
| KEYES, SABRINA, ) | Chapter 7 |
| ) | Hon. John H. Squires |
| Debtor. ) | |
| ) | Date: 9/23/09 at 10:30 a.m. |

**DEBTOR'S MOTION FOR SANCTIONS AGAINST GREAT
AMERICAN FINANCE CO. FOR VIOLATION OF AUTOMATIC STAY**

NOW COMES Sabrina Keyes, the Debtor (the "Debtor"), by and through her attorney, Peter L. Berk, of the Law Office of Peter L. Berk, and, in support of her Motion for Sanctions Against Great American Finance Co. For Violation of Automatic Stay, pursuant to 11 U.S.C. §§ 362(a) and (h), states the following:

1. The Debtor filed her Chapter 13 bankruptcy petition (the "Chapter 13 Petition") on August 6, 2009 (the "Petition Date").

2. On or about April 14, 2008, Great American Finance Co. ("Great American") financed the Debtor's purchase of furniture from Harlem Furniture, and is a secured creditor of the Debtor. Great American is listed in the Debtor's original Schedule D, and received notice of the bankruptcy filing to its address at 205 West Wacker Drive, Chicago, Illinois.

3. Great American filed its proof of claim for the amount of $938.68 on August 14, 2009. See Exhibit A.

4. The Debtor has a checking account with Norstar Credit Union.

5. On two occasions, subsequent to the Petition Date, Great American debited the Debtor's checking account electronically. The initial debit was made on August 10, 2009, and the second debit was made on September 9, 2009. Each debit was for the amount of $130.00. A copy of the Debtor's checking account statement, showing the electronic debits, is attached as Exhibit B.

6. On September 17, 2009, immediately after being informed of the debits, Debtor's counsel called Tina Webster, the person who signed Great American's Proof of Claim. Debtor's counsel demanded that Great American issue a refund to the Debtor for both post-petition debits, and that Great American cease and desist from any further debits. Ms. Webster refused, claiming that the Debtor should have contacted Great American directly if she wanted to stop the automatic debits.

7. The post-petition electronic debits are an attempt to collect a pre-petition debt from the Debtor, and are in clear violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.

8. Furthermore, because Great American had proper notice of the bankruptcy, and proceeded to debit the Debtor's bank account even after filing a proof of claim in this case, the violation by Great American is deliberate and willful. Under 11 U.S.C. 362(h), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

9. The electronic debits are not insignificant in amount. The Debtor is a single mother of two children, ages 8 and 15, and earning an annual salary of approximately $42,000 per year. The Debtor is living paycheck to paycheck. Great American's post-petition debits have rendered the Debtor unable to balance her checkbook, pay her living expenses, and to maintain the strict budget required by her Chapter 13 Plan. The $260.00 unlawfully taken from the Debtor's bank account is 87% of the Debtor's monthly allowance for food.

10. Whether or not the Debtor authorized Great American pre-petition to take payments from her checking account is immaterial to the stay violation issue. Upon receiving notice of the bankruptcy, Great American was prohibited from taking money from the Debtor's checking account without obtaining authorization to do so from the Debtor or her counsel. See *In Re Longoria*, 400 B.R. 543 (Bankr. W.D. Texas, 2009) (Court imposed sanctions for post-petition electronic debits in spite of pre-petition authorization of Debtor to deduct payments from checking account; Debtor was not required to give creditor specific post-petition instructions to stop debits). Furthermore, in an apparent attempt to obtain

double recovery from both the Chapter 13 Trustee and from the Debtor directly, Great American took the funds from Debtor's checking account even after filing a proof of claim in this case.

11. Great American should be sanctioned not only for the post-petition electronic debits, but also for its failure to immediately return the funds to the Debtor upon the demand of Debtor's counsel.

12. Punitive damages are appropriate to ensure that Great American will not commit similar violations against other Debtors.

WHEREFORE, the Debtor respectfully requests that the Court:

a) order Great American Finance to immediately cease and desist from any further electronic debits from the Debtor's checking account;

b) order Great American Finance to immediately refund all money received post-petition from the Debtor's checking account;

c) award the Debtor her attorney's fees and costs for all services provided in stopping the electronic debits and recovering the money received by Great American Finance in violation of the automatic stay; and

d) award the Debtor punitive damages against Great American Finance to the extent the Court deems it appropriate.

Respectfully Submitted,

**SABRINA KEYES**

By:   /s/ Peter L. Berk
       One of her attorneys

Law Office of Peter L. Berk
Peter L. Berk, Esq. # 6274567
79 West Monroe
Suite 900
Chicago, IL 60603
(312) 759-2838