B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT __Northern__ DISTRICT OF __Illinois__ | PROOF OF CLAIM |
|---|---|
| Name of Debtor: SABRINA NESHA KEYES | Case Number: 09-28824 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**GREAT AMERICAN FINANCE CO.**

Name and address where notices should be sent:
GREAT AMERICAN FINANCE CO.
20 N. WACKER DR STE 2275
CHICAGO IL 60606

Telephone number: 312 224-0430

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 938.68

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** GOOD SOLD
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 200-760385

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
   Describe:

   Value of Property: $ 550.00   Annual Interest Rate ___ %

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $ _____   Basis for perfection: _____

   Amount of Secured Claim: $ 550.00   Amount Unsecured: $ 388.68

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 8/14/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   Tina Webster /s/ | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT A

KEYES9 9141

ORIGINAL: 160385    **RETAIL INSTALLMENT CONTRACT**    GAFCO OK#: L102955

SELLER: (CREDITOR) Harlem Furniture LLC.    14920 South LaGrange Road, Orland Park, IL. 60462

| Buyer(s) | Address | City | State | Zip | Phone No. |
|---|---|---|---|---|---|
| Sabrina N Keyes | 340 Steamside Drive | Harvey | IL | 60426 | 708-331-3977 |

Seller hereby sells and Buyer(s) jointly and severally buy the following goods and/or services for the total sale price and on the terms set forth on the FRONT AND REVERSE SIDE OF THIS CONTRACT.

| QUAN. | MODEL NO. | SERIAL NO. | MAKE AND DESCRIPTION OF GOODS OR SERVICES DESCRIBED BELOW OR ON RIDER ATTACHED | CASH PRICE INCL TAXES |
|---|---|---|---|---|
| | | | 0414814kimx | |
| | | | 90 DAYS SAME AS CASH-MINIMUM MONTHLY PAYMENTS REQUIRED | |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $231.74 |
|---|---|---|---|---|
| 31.87 % | $547.44 | $1500.00 | $2047.44 | $2279.18 |

Your Payment Schedule Will Be:

| No. of Payments | Amount of Payments | When Payments Are Due JUN 0 7 2008 |
|---|---|---|
| 24 | $85.31 | Monthly Beginning |
| | | 30 Days After Delivery |

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price .................................... $1731.74
2. Less: Cash Down Payment ........ $0.00
   C.O.D. ............... $231.74
   Trade-In ........... $ 0.00
3. Total Down Payment ................. $231.74
4. Unpaid Balance of Cash Price .......... $1500.00
5. Gross Unpaid Balance on
   Previous Contract (if any). $ 0.00
   Less: Unearned Charges. $ 0.00
   Net Balance Previous Contract ........ $0.00
6. Total of Items 4 and 5 ................ $1500.00
7. Other Charges - Amounts paid to others on your behalf
   (We may be retaining a portion of these amounts)
   Credit Life Insurance .... $ 0.00
   Credit Disability Insurance $ 0.00  $ 0.00
8. Unpaid Balance-Amount Financed (6 & 7) $1500.00

SECURITY: You are giving a security interest in the goods being purchased and Wage Assignment(s) revocable by you at any time.
LATE CHARGE: If any payment is 10 days late you will be charged 5% of the payment or $10.00, whichever is more.
PREPAYMENT. If you pay off early, you may be entitled to a refund of part of the Finance Charge.
See your contract terms below and on the reverse side for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and security interests.

Buyer promises to pay the TOTAL OF PAYMENTS to the Seller (or Holder of this contract) in monthly payments in the amounts and on the dates shown above. If more than one Buyer is named above, this contract may be enforced against any or all, but not in a combined amount greater than the amount owed.
DEFAULT: If any installment is in default for more than 10 days, Buyer agrees to pay a default charge of 5% of that installment or $10, whichever is more. Interest may be charged after maturity on each installment at the contract rate stated above. If any installment is in default for more than 30 days, the entire balance owing, at the election of Seller or Holder, may become due at once, less any unearned finance charges. Buyer agrees to pay court costs and reasonable attorney's fees, incurred by Seller or Holder in the collection of the indebtedness payable under this contract or the enforcement of its terms and provisions.
REBATE FOR PREPAYMENT: In the event of prepayment in full before the final due date, the amount owing will be reduced by unearned Finance Charges any unearned credit insurance charges, both determined by the "Rule of 78ths," after first deducting a $25 acquisition charge, and Rebates of less than $1 will not be made. If rebate requires a check to be written for less than $5 no refund will be made, provided that Buyer may obtain a cash refund at Seller's or Holder's location.
SECURITY INTERESTS: (1) Buyer grants to Seller and Seller shall have and retain a purchase money security interest in the above described property until the TOTAL OF PAYMENTS and all other amounts which may become due from the Buyer are paid in full. (2) Wage Assignment revocable by Buyer at any time.
INSURANCE: No credit insurance is required or will be provided.

**Each Buyer acknowledges receipt of a fully completed copy of this contract executed by both Seller and Buyer and each Co-Buyer, if any, acknowledges receipt of a Notice to Cosigner.**

NOTICE
TO THE
BUYER
1. Do not sign this agreement before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the agreement you sign.
3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the Finance Charge.

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

This contract is subject to approval of the Buyer's credit by the Seller.

RETAIL INSTALLMENT CONTRACT

Dated: 04/14/2008    Buyer: Sabrina Keyes

Seller: Harlem Furniture LLC    Buyer:

## ADDITIONAL PROVISIONS OF CONTRACTS

The goods shall remain personal property and title thereto shall not pass to Buyer until the TOTAL OF PAYMENTS has been fully paid in cash. Buyer shall be responsible for any loss, theft of or damage to said goods.

If Buyer, shall abandon or destroy said goods, or if holder has reasonable cause to believe that Buyer is about to leave the State, or upon occurrence of any event of default as herein defined, which default shall continue for at least 30 days, the holder of this contract may declare all installments of the Total of Payments and all other indebtedness secured hereby immediately due and payable, without notice or demand.

The occurrence of any of the following events or conditions shall, at the option of the holder, constitute an event of default hereunder: (a) Default in the payment of any installment of the Total of Payments due hereon; or (b) Failure of Buyer to perform any agreement or warranty made by Buyer herein; or (c) Loss, theft, substantial damage to, destruction, sale, encumbrance, concealment, removal, attachment, seizure, forfeiture of or levy upon the goods; or (d) Institution by or against Buyer or Buyer's business or property of any proceeding under any bankruptcy or insolvency statute or filing of a petition by Buyer for an arrangement or assignment by Buyer for the benefit of creditors. Also in such event Seller shall have the remedies of a secured party under the Uniform Commercial Code including the right without notice or legal process to take possession of the goods wherever located and retain all monies paid thereon for the use of said goods. Seller will give Buyer reasonable notice of the time and place of any public sale of the goods or of the time after which private sale or any other disposition thereof is to be made. Reasonable notice shall consist of mailing, postage prepaid, of a notice to the Buyer at his above address at least ten days prior to the sale or disposition. The net proceeds of such disposition, after deducting for the expenses of retaking, holding, preparing for sale, selling and the like including reasonable attorney's fees and legal expenses, shall be applied in satisfaction of the obligations secured hereby. All rights and remedies herein contained or at law are cumulative.

Waiver of any default in payment of the Total of Payments when due shall not operate as a waiver of any subsequent default. No extension of time of payment or any other modification of the terms of this contract shall be binding on holder unless written consent thereto is given by an executive officer of holder. This contract shall be binding upon and inure to the benefit of the parties, their heirs, personal representatives, successors and assigns.

Time is of the essence hereof. This agreement may be assigned without notice to the Buyer.

If any item(s) covered by this contract is (are) unavailable for delivery or no longer manufactured, Buyer shall be entitled to full credit in the amount of the Sale Price on such undelivered item(s) without affecting the validity of the remaining provisions of this contract, and the amount of the Finance Charge and of any Insurance referred to herein shall be reduced accordingly. If delivery of the goods is not made at the time of execution of this contract the identifying numbers or marks the goods and the due date of the first installment may be inserted by the Seller in the seller's counterpart of this contract at any time.

This constitutes the entire agreement between Buyer and Seller and no oral modification hereof shall be valid.

Buyer certifies that the credit information furnished by Buyer in connection with this sale is true. Buyer certifies that there is no, or is to be no extension of credit in connection with the purchase of the above described merchandise other than that evidenced by this agreement. This contract is subject to approval of the Buyer's credit by the Seller. Buyer authorizes Seller and any assignee of this contract to obtain a credit report and release to credit bureaus, credit interchanges and other grantors of credit, such information relating to this transaction and Buyer's creditworthiness, as may be determined pertinent by Seller or such assignee.

If any provision of this contract is construed to violate or be contrary to the laws of any state or of the United States of America such provision shall not be applicable.

ARBITRATION. Any claim or dispute, whether in contract, tort, fraud, breach of warranty, or otherwise ("Claim") arising from or connected with this Contract, any security interest created by this Contract, any documents related to this Contract, the collection of the Total of Payments, the purchase of goods, or the enforceability, validity or scope of this arbitration clause or Contract shall be governed by this provision. Upon the election of Buyer or Holder, by written notice to the other party, any Claim shall be resolved by arbitration before a single Arbitrator, on an individual basis, without resort to any form of class action, pursuant to this arbitration provision and the applicable rules of the American Arbitration Association ("AAA") in effect at the time the Claim is filed. The arbitration hearing shall take place in the county in Illinois where the Buyer resides and if the Buyer does not reside in Illinois, the hearing will take place in Cook County, Illinois. At Buyer's written request any filing or administrative fees charged by the AAA to Buyer in excess of any filing fee required to file a Claim in an Illinois State Court shall be advanced and paid for by the Holder. The arbitrator may not award punitive or exemplary damages against any party. IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER BUYER OR HOLDER WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE APPLICABLE ARBITRATION RULES. FURTHER, BUYER WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO THAT CLAIM AND BUYER WILL HAVE ONLY THOSE RIGHTS THAT ARE AVAILABLE IN INDIVIDUAL ARBITRATION. THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING ON ALL PARTIES, EXCEPT AS PROVIDED IN THE ILLINOIS UNIFORM ARBITRATION ACT. Judgement on any award may be entered by any appropriate court having jurisdiction. The provision shall be governed by the law of Illinois, including but not limited to the Uniform Arbitration Act.

FOR VALUE RECEIVED, Seller hereby sells, assigns and transfer to    **Great American Finance Co.**
ASSIGNEE, its successors and assigns, all of Seller's right, title and interest in and to the within contract and the goods described therein. To induce assignee to purchase said contract, Seller represents and warrants to Assignee [1] that the within contract is valid and genuine and correctly states the terms of the retail installment transaction between Seller and Buyer; [2] that the goods described have been delivered to and accepted by the Buyer; [3] that the down payment was paid in full, in cash or in trade, and that no part was loaned to Buyer by Seller or was obtained by extension of credit to Buyer; [4] that Seller had the right to sell said goods to Buyer and that the goods are free of all liens, claims and encumbrances.; [5] that no notice of any defense or right of action has been received by Seller from Buyer nor has Seller any knowledge of any fact that would impair the validity of the contract; [6] that Seller has the right to sell and assign this contract to Assignee; [7] that all Buyers have legal capacity to contract; [8] that on the date of the contract Seller executed and delivered to each Buyer a completed copy of the contract; and [9] that Seller has complied with all other requirements of the Federal Truth in Lending Act, the Federal Equal Credit Opportunity Act, Regulation Z and the Illinois Retail Installment Sales Act (other than any documentation which should be provided by Assignee); and [10] that the sale was made at Seller's place of business and was not a door-to-door sale within the definition of the Federal Trade Commission Trade Regulation Rule or the Illinois Consumer Fraud Act. If any of the foregoing representations and warranties is breached, Seller agrees to repurchase the within contract for the unpaid balance and all other indebtedness then due from Buyer together with reasonable attorneys' fees, costs and expenses incurred by Assignee. Further, if, based on any breach of promise, representation, or warranty made by Seller or Manufacturer to Buyer, Buyer successfully defends a suit by Assignee for payment of this contract by raising a valid claim against the Seller as a set-off; or maintains an affirmative action against the Assignee for return of monies paid on account and restitution is either required or deemed advisable, the Seller unconditionally agrees to pay Assignee, upon demand, the unpaid balance of the within contract or the amount of restitution made by Assignee to Buyer. Seller hereby authorizes irrevocably any attorney of any Court of Record to appear for Seller in such court, in term time or in vacation, at any time hereafter, and to waive the issuance and service of process and to confess judgment in favor of the holder hereof for the amount then due hereon, together with reasonable attorneys' fee and to release and waive all errors that may intervene costs of suit and and consent to immediate execution thereon.

Dated: 04/14/2008

Harlem Furniture LLC.

By: _Cyndi Mischke_    Seller / Authorized Signature / Title

FORM LFC - REV. 03/06

**SALES ASSOCIATE**
**SALES RECEIPT**


Harlem FURNITURE — the roomplace — Great Looks FOR LESS

```
0414814KIMX            SAL
KEYES99141
AHAM                   SBG
P/D Date: O  05/04/08 99
14 ORLAND PARK
```

| | |
|---|---|
| CHICAGO-NORTH 2525 N. HARLEM (773) 889-7400 | CHICAGO-SOUTH 6027 S. CICERO (773) 767-8200 |
| CHICAGO-EAST 2575 N. ELSTON (773) 772-2004 | |
| GLENWOOD (708) 755-2211 | HILLSIDE (708) 236-2960 |
| JOLIET (815) 609-6000 | DOWNERS GROVE (630) 434-1990 |
| AURORA (630) 778-2000 | LOMBARD (630) 261-3900 |
| ORLAND PARK (708) 354-4900 | MORTON GROVE (847) 663-0600 |
| BLOOMINGDALE (630) 539-3200 | ARLINGTON HEIGHTS (847) 394-7600 |
| SCHAUMBURG (847) 969-2000 | VERNON HILLS (847) 367-5800 |
| HOFFMAN ESTATES (847) 490-0950 | ALGONQUIN (847) 836-9900 |
| MERRILLVILLE, IN (219) 947-8250 | MISHAWAKA, IN (574) 248-8500 |

CUSTOMER SERVICE OR CALL YOUR LOCAL STORE    (630) 783-8000

**CUSTOMER INFORMATION**

```
KEYES               SABRINA
340  STREAMSIDE DR
HARVEY              IL  60426
708-331-3977 H      708-969-3976 B
```

| Quantity | SKU | Vendor | Product Number | Description | Amount |
|---|---|---|---|---|---|
| 1.00 | 825203300 | GBAL | 2033(CREAM | 3 PC LIVING RM | 1299.99 |
| 1.00 | 180120330 | GBAL | 2033-S(CREAM | 2SOFA | .00 |
| 1.00 | 871111001 | SAFE | LEATHER/BONDED/BICAS | SOFA PROTECTION | 90.00 |
| 1.00 | 181120331 | GBAL | 2033-L(CREAM | 2LOVESEAT | .00 |
| 1.00 | 871111002 | SAFE | LEATHER/BONDED/BICAS | LS/CHAISE/SECT PROTE | 80.00 |
| 1.00 | 182120332 | GBAL | 2033-CH(CREAM | 2CHAIR | .00 |
| 1.00 | 871111003 | SAFE | LEATHER/BONDED/BICAS | CHAIR/RECL/SECT PROT | 70.00 |

```
Payments: TYPE  DRWR  DEPOSIT        Merchandise Total   1529.99
                                     Sales Tax            113.75
                                     Delivery              78.00
                                     Total Sale         1731.74
```

                                                         1731.74
**TOTAL AMOUNT DUE:**

**Comments:**
```
X$ 146TH AND HALSTED

RR FROM SO#G318814X10Q CUST RESELECT A DIFFERENT SET
COLOR CREAM....2 PC W FREE CHAIR SALE
MOP $1500 GAFCO 24 MONTHS
CUST WILL COME LATER TO PAY DIFFERENCE IN ONE WEEK
```

1. FOR WARRANTY, DELIVERY, SERVICE AND OTHER IMPORTANT INFORMATION, SEE REVERSE SIDE.
2. POLICIES AND FEES APPLY WHEN MERCHANDISE IS ACCEPTED FOR RETURN, SEE REVERSE SIDE.
3. FINANCE PURCHASES ARE SUBJECT TO TERMS AND CONDITIONS OF THE FINANCE AGREEMENT, IF ANY.

"My signature below acknowledges receipt of a copy of this invoice and also acknowledges that my purchase of the above described merchandise is subject to the terms and conditions on the front and reverse sides. I have reviewed both sides of this agreement including

CORP/LLC - File Detail Case 09-28824 Doc 14-1 Filed 09/18/09 Entered 09/18/09 10:50:04 Desc Exhibit A correct Page 5 of 5 http://www.ilsos.gov/corporatellc/CorporateLlcController



## CORPORATION FILE DETAIL REPORT

| Entity Name | GREAT AMERICAN FINANCE CO. | File Number | 33304099 |
|---|---|---|---|
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 08/30/1952 | State | ILLINOIS |
| Agent Name | TODD M AARON | Agent Change Date | 08/09/2006 |
| Agent Street Address | 205 W WACKER DRIVE STE 322 | President Name & Address | LAWRENCE B AARON 20 N. WACKER DRIVE CHICAGO, IL |
| Agent City | CHICAGO | Secretary Name & Address | TODD M AARON 20 N. WACKER DRIVE CHICAGO, IL |
| Agent Zip | 60606 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 08/28/2009 | For Year | 2009 |

Return to the Search Screen            Purchase Certificate of Good Standing
                                        (One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE